1 NORTON MOORE & ADAMS L.L.P.
2 William A. Adams, Esq. CSBN. 135035
wadams@nmalawfirm.com
3 501 West Broadway, Suite 800
4 San Diego, California 92101
Tel: (619) 233-8200
5 Fax: (619) 393-0461

7 Attorney for Defendant: B.R.E.I. LLC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer** | **Case No. 2:18-CV-10768-E** |
| Plaintiff, | **Complaint Filed: January 25, 2019** |
| v. | **Defendants Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint** |
| **B.R.E.I. LLC**, a California Limited Liability Company; **Buenavibra, Inc.**, a California Corporation**;** and Does 1-10, | FRCP Rules 12(b)(1), 12(b)(6), 12(h)(3), & 28 USC §1367(c) |
| Defendants. | Date: April 5, 2019<br>Time: 9:30 A.M.<br>Courtroom: 750<br>Judge: Magistrate Judge Charles F. Eick |

# TABLE OF CONTENTS

**Summary of Motion** .................................................................................. 1

**Statement of Relevant Facts** .................................................................... 1

**Procedural Authority for Motion** ............................................................ 2

**Analysis of Grounds for Dimissal** .......................................................... 3

   I.   Plaintiff fails to state a claim upon which relief can be granted. ..................... 3

   II.  Plaintiff's complaint gives rise to compelling reasons for the Court to decline exercising supplemental jurisdiction under 28 U.S.C. § 1367(c). ............ 5

     A.  Plaintiff is forum shopping to evade State law amendments enacted in Senate Bill 1186. ................................................................................................ 6

     B. California's tailored procedures to curb abuse of its unique remedies – and the Federal Rules of Civil Procedure's preclusion of California's procedures - creates a compelling reason to deny supplemental jurisdiction. ......................... 9

     C. Plaintiff's attempt to circumvent California's effort to curb abuse of its unique remedies creates a compelling reason to deny supplemental jurisdiction. ........................................................................................................ 9

     D. Plaintiff's forum shopping increases judicial and party litigation expenses. ....................................................................................................... 11

     E. Plaintiff's state law claim predominates because it provides all the remedies Plaintiff seeks, while her federal claim does not provide for monetary damages. ........................................................................................................ 12

   III.  There is a Split of Authority but the Factors Here Mitigate in Favor of Dismissal. .................................................................................................... 13

**Conclusion** ............................................................................................... 15

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California 92101
Ph: (619) 233-8200
wadams@nmalawfirm.com

# TABLE OF AUTHORITIES

**Cases**

*Arizona ex re. Goddard v. Harkins Amusement Enters, Inc.*, 603 F.3d 666 (9th Cir. 2012) ............................................................................................................. 5

*Armstrong v. Nan, Inc.*, 679 F. App'x 582 (9th Cir. 2017) ................................... 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................... 4

*B.C. by and through Powers v. Plumas Unified School District*, 192 F.3d 1260 (C.A. 9th 1999) ................................................................................................... 3

*Carnegie-Mellon University v. Cohill* (1988), 484 U.S. 343 ................................ 10

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) ....................... 3

*Johnson v. Morning Star Merced, LLC*, 2018 U.S. Dist. LEXIS 157428 .............. 13

*Munson v. Del Taco, Inc.* (2009), 46 Cal.4th 661 ........................................... 12, 13

*OAM v. Brick Oven*, 406 F.Supp. 1120, (S.D. CA. 2005) ..................... 6, 10, 11, 12

*Oliver v. In-N-Out Burgers* (S.D. Cal., 2012), 286 F.R.D. 475 .............................. 9

*Saavedra v. Phai Chu*, 5:17-cv-00607-ODW-E Document 19 ............................. 13

*Schutza v. Cuddeback* (S.D. Cal. April 10, 2017), 262 F. Supp. 3d 1025 ......... 9, 13

**Statutes**

28 U.S.C. §1367 ....................................................................................................... 5

Cal. Civ. Code § 425.50 ........................................................................................... 8

Cal. Civ. Code § 51 ................................................................................................ 12

Cal. Civ. Code § 52.2 ............................................................................................. 10

Cal. Civ. Code § 55.3 ............................................................................................... 7

Cal. Civ. Code § 55.31 ............................................................................................. 7

Cal. Civ. Code §1033 ............................................................................................. 11

Fed. R. of Civ. Pro. 8 ............................................................................................... 3

Fed. R. of Civ. Proc. 12 ........................................................................................ 2, 3

## SUMMARY OF MOTION

Plaintiff Chris Langer's ("Plaintiff") First Amended Complaint against Defendant B.R.E.I., LLC ("Defendant") alleges causes of action under the Americans with Disabilities Act, Title III (relating to public accommodations) and the California Unruh Act.  It is one of over a thousand lawsuits Plaintiff has filed in the Central and Southern District Courts.  The lawsuit is a fairly typical disabled access action alleging non-compliant parking and bathrooms. Defendants bring this motion to dismiss on the following grounds:

- Plaintiff has failed allege facts sufficient to establish his standing and his causes of action; and
- Justice would be best served if the Court declined supplemental jurisdiction under 28 U.S.C. §1367(c).

## STATEMENT OF RELEVANT FACTS

On June 1, 2018, Plaintiff filed this lawsuit against Defendants for "violations of the Americans with Disabilities Act" and "under California's Unruh Civil Rights Act."  Compl., ¶¶ 7-8.  Plaintiff alleges

> He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

1st Am. Compl., 1:25 – 2:1. Defendant owns the real property located at or about 6440 Franklin Avenue, Los Angeles.

Plaintiff alleges he "Plaintiff went to the Restaurant in December 2018 with the intention to avail himself of its services, motivated in part to determine if the defendants comply with the disability access laws."  Compl. 3:6-8.
He concedes that there was accessible (disabled) parking available but asserts that it was non-compliant because it was 102 inches wide (min. 96 inches required) with an adjacent access aisle that was 60 inches wide (60 inches is required), that

**1**
Defendants' Mem. of P&As ISO Motion to Dismiss
(**2:18-CV-10768-E**)

NORTON MOORE & ADAMS LLP
501 West Broadway, Suite 800
San Diego, California  92101
Ph:   (619) 233-8200
wadams@nmalawfirm.com

the cross slope was 2.1% (2.0% is the legal max), that the access aisle lacked a "no parking" sign, and that there were ceramic planters in the access aisle. 1st Am. Compl. 3:13-26.

Plaintiff goes on to allege further variations from access standards, which he concedes he did not personally encounter. The allegations consist of a mirror that was 3 inches too high and unwrapped pipes under a sink. 1st Am. Compl. 4:7-12.

Plaintiff fails to explain how any of these allegations interfered with his access to Defendant's facilities. Rather he simply concludes: "Plaintiff personally encountered these barriers" and that these alleged conditions "denied the plaintiff full and equal access and caused him difficulty." 1st Am. Compl. 4:2-4.

Plaintiff's Complaint sets forth two causes of action under: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. for, inter alia, failure to remove architectural barriers and failure to modify existing policies and procedures. Compl. 6:7 – 8:18. and Unruh Civil Rights Act, CCP § 51, et seq., for discrimination against persons of disability. Compl. 8:20 – 9:11. Plaintiff seeks injunctive relieve under both causes of action, and monetary relief under only the state law.

In just the one-year period prior to filing the present lawsuit, Plaintiff filed 332 lawsuits in the Central and Southern Districts. [Delcaration of William A. Adams] This number of lawsuits qualifies him as a "high-frequency litigant" – in the extreme - under state laws meant to curb abuse of the Unruh Act in cases such as this.

## PROCEDURAL AUTHORITY FOR MOTION

Federal Rule of Civil Procedure Rule 12(b)(6) allows motions to dismiss based upon failure to state a claim upon which relief may be granted. Fed. R. of Civ. Proc. 12(b)(6). A pleading that offers "labels and conclusions" or "a

**2**
Defendants' Mem. of P&As ISO Motion to Dismiss
(**2:18-CV-10768-E**)

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 545 (2007). Plaintiff's failure to state a claim upon which relief can be granted should result in her claims being dismissed.

FRCP Rule 12(b)(1) authorizes motions to dismiss based upon lack of subject matter jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). Even at the initial pleading stage, plaintiffs bear the burden of establishing the court's subject matter jurisdiction. California Practice Guide, Federal Civil Procedure Before Trial, §9:77.10. The Ninth Circuit Court of Appeals has held: "federal courts are required, sua sponte, to examine jurisdictional issues." *B.C. by and through Powers v. Plumas Unified School District*, 192 F.3d 1260, 1264 (C.A. 9th 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. of Civ. Proc. 12(h).

In the present lawsuit, there are both pleading and jurisdictional defects that mitigate in favor of dismissal

## ANALYSIS OF GROUNDS FOR DISMISSAL

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Additionally, the circumstances of Plaintiff's case provide compelling reasons for the Court to decline exercising supplemental jurisdiction over her Unruh Act cause of action.

### I. Plaintiff fails to state a claim upon which relief can be granted.

Under FRCP Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court in *Ashcroft v. Iqbal* held that the Rule 8 pleading standard "demands more than an unadorned [] accusation." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.  In order to avoid dismissal, the plaintiff's complaint must plead facts which, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Additionally, the U.S. Supreme Court recently set forth the requirements for pleading standing:

> . . . the "irreducible constitutional minimum" of standing consists of three elements.  The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. **Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element**.
>
> . . .
>
> To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."
>
> . . .
>
> For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be "concrete."
>
> Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be "concrete." Under the Ninth Circuit's analysis, however, that independent requirement was elided. As previously noted, the Ninth Circuit concluded that Robins' complaint alleges "concrete, de facto" injuries for essentially two reasons. First, the court noted that Robins "alleges that Spokeo

violated his statutory rights, not just the statutory rights of other people." Second, the court wrote that "Robins's personal interests in the handling of his credit information are individualized rather than collective." Both of these observations concern particularization, not concreteness. **We have made it clear time and time again that an injury in fact must be both concrete and particularized. Concreteness, therefore, is quite different from particularization.**

*Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547-1548 (2016) (*emphasis in bold added*, *internal citations omitted* – vacating and remanding 9th Cir.'s reversal of District Court's dismissal for lack of standing).

A Plaintiff in a Title III ADA claim such as this must prove three elements in order to prevail: (1) that Plaintiff is disabled within the meaning of the ADA; (2) that the Defendant owns, leases, or operates a place of public accommodation; and (3) that Plaintiff was denied public accommodation by the Defendant due to his or her disability. *Arizona ex re. Goddard v. Harkins Amusement Enters, Inc.,* 603 F.3d 666, 670 (9th Cir. 2012).  Plaintiff did not plead the third element in this case. Instead, Plaintiff has offered only a "formulaic recitation of elements."

 Plaintiff fails to utter a single word on how the alleged non-compliance actually interfered with his access to the restaurant.  He fails to plead the particularity needed to state a claim for which relief can be granted.  He fails to assert a basis for standing.  Therefore, the complaint is inadequate under Article III of the Constitution – it does not allege a case or controversy.

**II.  Plaintiff's complaint gives rise to compelling reasons for the Court to decline exercising supplemental jurisdiction under 28 U.S.C. § 1367(c).**

Under 28 U.S.C. 1367(c), a federal district court may decline supplemental jurisdiction over a plaintiff's state law claims if any one of the following four grounds exist:

(1) The claim raises a novel or complex issue of State law;

(2) The claim substantially predominates compared with the claim or claims over which the district court has original jurisdiction;

(3) The district court has dismissed all claims over which it has original jurisdiction; or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

The same is true in public accommodation / disability access cases filed in Federal District Court. See e.g., *Organization for the Advancement of Minorities With Disabilities v. Brick Oven Restaurant*, 406 F.Supp.2d 1120, 1130-31 (C.D. Cal. 2005) (hereinafter "*OAM*") (holding that "statutory damages available to Plaintiff Singletary under the Unruh Act substantially predominate over the injunctive relief available under the ADA"). In the present case, the Court should decline supplemental jurisdiction for the following reasons.

### A. Plaintiff is forum shopping to evade State law amendments enacted in Senate Bill 1186.

Concerned with the frequency of plaintiffs abusing disability access laws, the California legislature enacted Senate Bill (SB) 1186 in 2012. Among other things, SB 1186 amended a number of statutes to create new procedural requirements for disability discrimination lawsuits. See 2012 Legislation, West's Ann. Code Civ. Proc. (2014) § 425.50. California Code of Civil Procedure §425.55(a)(2) states:

> . . . a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state, from 70 to 300 lawsuits each year. Moreover, these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than

correction of the accessibility violation. This practice unfairly taints the reputation of other innocent disabled consumers who are merely trying to go about their daily lives accessing public accommodations as they are entitled to have full and equal access under the state's Unruh Civil Rights Act (Section 51 of the Civil Code) and the federal Americans with Disability Act of 1990 (Public Law 101-336).

The legislative note to §425.50 states:

SEC. 24. The Legislature finds and declares that a very small number of plaintiffs' attorneys have been abusing the right of petition under §§ 52 and 54.3 of the Civil Code . . . Therefore, the Legislature finds and declares that it is necessary and appropriate to enact §§ 55.31 and 55.32 of the Civil Code, and § 425.50 of the Code of Civil Procedure to protect the public's confidence and support of the right to petition under §§ 52 and 54.3 of the Civil Code.

To minimize abusive access lawsuits, SB 1186 imposes penalties for non-compliance with the new procedural requirements. These penalties range from striking complaints to State Bar disciplinary proceedings. See, e.g., CCP §§ 55.3, 55.31 and 55.32 (enacting new, stringent procedural and substantive requirements on "demand" letters in disability discrimination lawsuits); CCP § 425.50(b) (requiring that access discrimination complaints be verified).

The new California Code of Civil Procedure § 425.50 requires:

- "A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or she was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier."

- ("The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, *on each particular occasion."*

- "*The date or dates of each particular occasion* on which the claimant encountered the specific access barrier, or on which he or she was deterred."

- "A complaint alleging a construction-related accessibility claim, . . . ***shall***

**7**
Defendants' Mem. of P&As ISO Motion to Dismiss
(**2:18-CV-10768-E**)

*be verified by the plaintiff*. A complaint filed without verification shall be subject to a motion to strike."

- ". . . a complaint filed by or on behalf of a high-frequency litigant shall also state all of the following:

    (i) Whether the complaint is filed by, or on behalf of, a high-frequency litigant.

    (ii) . . . the number of complaints alleging a construction-related accessibility claim that the high-frequency litigant has filed during the 12 months prior to filing the complaint."

Additionally, high-frequency litigants must pay a supplemental filing fee of $1,000 under Government Code §70616.5. CCP §425.50(b)(2)

A "high frequency litigant" is a person who has filed at least 10 lawsuits alleging "construction-related access violations" within the previous 12 months. CCP §425.55(b)(2). In this case, Plaintiff has filed approximately 192 lawsuits in the previous 12 months.

Plaintiff's District Court Complaint evades CCP § 425.50 in the following ways:

1) He does not verify his Complaint;

2) He does not disclose whether she is a high-frequency litigant, or how many access discrimination lawsuits he filed in the last twelve months.

3) He does not explain the way in which each individual barrier denied him full and equal access.[1]

4) He has avoided the Supplemental Fee required under California law for high-frequency litigants

---

1. Plaintiff has filed over **332** cases in the Central and Southern District Courts in the 12 months immediately preceding the filing of this lawsuit. See Declaration of William Adams. To be considered a "high-frequency litigant," a plaintiff need only file **10** such cases in the state within 12 months. CCP § 425.50.

**8**
Defendants' Mem. of P&As ISO Motion to Dismiss
(**2:18-CV-10768-E**)

### B. California's tailored procedures to curb abuse of its unique remedies – and the Federal Rules of Civil Procedure's preclusion of California's procedures - creates a compelling reason to deny supplemental jurisdiction.

The Federal Rules of Civil Procedure will preclude application of the California Unruh Act in the manner California intends the law to apply. *Oliver v. In-N-Out Burgers* (S.D. Cal., 2012), 286 F.R.D. 475, 477. California's legislative enactment of procedures tailored specifically to address abuse of its own accessibility discrimination laws should be respected by the U.S. District Courts by denying high-frequency litigants an easy end-run. This circumstance provides a compelling reason to deny supplemental jurisdiction. Awarding state law damages without applying the procedural prerequisites which California recently enacted specifically for Unruh accessibility claims, would effectively override the will of California law makers.

In *Schutza v. Cuddeback*, the Court acknowledged the need to defer to California to protect its "substantial interest in discouraging unverified disability discrimination claims." *Schutza v. Cuddeback* (S.D. Cal. April 10, 2017), 262 F. Supp. 3d 1025, 1031. Accepting supplemental jurisdiction would materially impact the outcome of this case and promote forum-shopping. Thus, comity favors declining supplemental jurisdiction.

### C. Plaintiff's attempt to circumvent California's effort to curb abuse of its unique remedies creates a compelling reason to deny supplemental jurisdiction.

The Supreme Court has noted that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent

jurisdiction doctrine support a remand in the case." *Carnegie-Mellon University v. Cohill* (1988), 484 U.S. 343, 357.

Plaintiff's ADA claim does not attain any substantive benefit, other than to provide a basis for original jurisdiction so that the Court may exercise supplemental jurisdiction over the state law claims. However, Plaintiff can attain exactly the same remedies in state court but would be subject to the state's efforts to curb Unruh Act abuse.

Although a plaintiff is not required to make a pre-litigation demand for injunctive compliance, it is instructive when, as here, Plaintiff has not done so. Without such a demand, it is impossible for Plaintiff or this Court to know whether an injunctive relief claim – the only relief provided by the ADA - was necessary or whether a simple pre-litigation request for compliance would have resolved the ADA claim, which – unlike the California's Unruh Act - provides only injunctive relief. Plaintiff's own Complaint alleges that the alleged non-compliance is easily remedied. Compl. ¶¶29-31. Thus, Plaintiff's failure to request relatively modest repairs indicates Plaintiff sought to keep the injunctive relief claims unresolved for the purpose of shoe-horning her state monetary claim into this District Court. Moreover, it makes his toe hold in federal court via supplemental jurisdiction very tenuous. Defendants routinely 'modify and moot' such claims, then obtain dismissal via summary judgment, at which point District Courts almost always decline supplemental jurisdiction. See e.g., *Langer v. Chavez*, 2018 U.S. Dist. LEXIS 121856 (July 18, 2018).

In sum, Plaintiff has filed in District Court because the Federal Rules of Civil Procedure will preclude application of the California Unruh Act in the manner California intends the law to apply. Plaintiff's forum shopping mitigates against supplemental jurisdiction.

### D. Plaintiff's forum shopping increases judicial and party litigation expenses.

By filing in federal court, Plaintiff is also attempting to avoid the application of multiple California's "economic litigation" statutes aimed at ensuring efficient and economical litigation of cases involving small monetary damage sums, such as the case at bar.

With respect to Unruh Act disabled access cases, CCP § 52.2 gives the California Small Claims Court specific jurisdiction of disabled access claims under CCP §§ 52 and 54.3. CCP § 52.2. Additionally, CCP § 1033(b) creates strong incentives for plaintiffs to file in the most economical level of California's tiered jurisdictional classifications—Small Claims [Limited Civil under $10,000], Limited Civil [under $25,000], and Unlimited Civil [over $25,000]. CCP §1033(b) (limiting or eliminating an award of costs where a lawsuit is "over-filed" and the plaintiff fails to obtain a damage award above the jurisdictional minimum). The parties would likely incur fewer costs if these claims were litigated in California's "tiered" system.

In contrast, the District Courts contain only one set of civil procedures, which are generally geared towards civil cases involving more than $75,000 in damages. As was discussed above, state law provides all of the relief Plaintiff seeks. Therefore, there is no need for a plaintiff seeking both monetary and injunctive relief to file in federal court. See, e.g., *OAM v. Brick Oven*, 406 F.Supp. 1120, 1131 (S.D. CA. 2005) (dismissing an ADA lawsuit, labeling the plaintiff's attachment of an ADA claim to state anti-disability discrimination claims as providing no substantive advantages, and instead demonstrating improper "forum-shopping" for a federal court forum).

In sum, Party convenience and economy is enhanced by declining supplemental jurisdiction.

### E. Plaintiff's state law claim predominates because it provides all the remedies Plaintiff seeks, while her federal claim does not provide for monetary damages.

As provided 28 U.S.C. § 1367, a federal court can decline to exercise supplemental jurisdiction where state law claims substantially predominate compared with the claim or claims over which the district court has original jurisdiction.

In the present case, the analysis of whether state law predominates is a matter of simple math. Plaintiff seeks two remedies: injunctive relief and monetary damages and pleads two causes of action (ADA and Unruh). However, both remedies are available under his state law cause of action, while only injunctive relief (and to no greater extent than the state cause of action), is available under the ADA. Accordingly, Plaintiff's ADA cause of action adds nothing substantively to Plaintiff's lawsuit.

The ADA is entirely subsumed into the Unruh Act. See *Munson v. Del Taco, Inc.* (2009), 46 Cal.4th 661, 671-672. The Unruh Act only adds remedies to the ADA cause of action, it does not add further limitations. Id.

If that wasn't enough, the State Court has jurisdiction over Plaintiff's ADA action if, for some inexplicable reason, Plaintiff were to maintain it in State Court. The only reason Plaintiff has pled an ADA cause of action is for the purpose of illegitimate forum shopping, i.e., to seek the benefits of state law without satisfying legislatively intended pre-conditions to obtaining that remedy.

In the U.S. Southern District of California, a court held the "statutory damages available to [plaintiff] under the Unruh Act substantially predominate over the injunctive relief available under the ADA." *OAM v. Brick Oven*, 406 F.Supp. 1120, 1130-31 (S.D. CA. 2005) (where a plaintiff sought Unruh monetary damages along with his ADA claim). Further, "under the Unruh Act—a minimum of $4,000 for each offense—indicates that [a plaintiff's] predominant focus is

recovering monetary damages under state law." *Schutza v. Cuddeback*, supra, 1031.  Because California law expressly incorporates federal law in lawsuits asserting state disability discrimination lawsuits (see, e.g., CCP § 51 and *Munson v. Del Taco, Inc.*, 46 Cal.4th 661 (2009), and because federal ADA claims may be asserted in state court lawsuits, Plaintiff has no substantive reason to file this lawsuit in federal court.  He simply wants to side-step California's efforts to manage abuse of its own laws.

This predominance of state law claims is sufficient for the Court to decline exercising supplemental jurisdiction over Plaintiff's state law claims.

### III. There is a Split of Authority but the Factors Here Mitigate in Favor of Dismissal.

There is a split among of California District Courts about declining supplemental jurisdiction in ADA / Unruh cases. See contra e.g., Central Dist. holding *Saavedra v. Phai Chu*, 5:17-cv-00607-ODW-E Document 19 Filed 06/07/17.  This split was recently analyzed by Judge Anthony W. Ishii of the Eastern District of California in the case of *Johnson v. Morning Star Merced, LLC*, 2018 U.S. Dist. LEXIS 157428 (September 14, 2018).  As to comity, the core of his reasoning is contained in the following passage:

> The Court acknowledges that California has established a heightened pleading standard for high frequency litigants. As such, considerations of comity favor permitting California courts to follow, interpret, and enforce California pleading standards. However, as explained in *Schoors* and *Johnson*, it is not efficient, convenient, or fair to require Johnson to file two nearly identical cases involve materially identical proof and issues. Johnson, 2017 U.S. Dist. LEXIS 106203 at *11; Schoors, 2017 U.S. Dist. LEXIS 69262 at *11-*12. [citations in original quote]

Judge Ishii even noted a recent unpublished Ninth Circuit decision regarding an age discrimination in which the Ninth held that different remedies available under state and federal laws justified declining supplemental jurisdiction. Johnson, supra, at 8 citing *Armstrong v. Nan, Inc.,* 679 F. App'x 582 (9th Cir. 2017). However, Judge Ishii reasoned that §1367 was discretionary. Then without citing any authority or objective standards, Judge Ishii held that the Court should be guided by the monetary amount of damages available in the state claims or claimed by the Plaintiff.

As to efficiency, Judge Ishii's analysis is flawed for the following reasons: He assumed that Plaintiff would be required to maintain separate state and federal lawsuits if the Court declined supplemental jurisdiction. In fact, it would be Plaintiff's choice to maintain separate actions rather dismissing his entire action without prejudice and refiling it in its entirety in State Court (although as noted above, the ADA cause of action would be unnecessary in State Court as it is wholly subsumed in California Unruh Act). Maintaining separate actions would have no purpose other than to harass Defendant. The Federal lawsuit provides no remedies that a State lawsuit could not provide.

Judge Ishii's reasoning does not engage in a sufficient balancing of factors. The inconvenience and cost to Plaintiff in having his case heard in State Court is minimal. In fact, Plaintiff could have avoided the whole issue by filing in State Court to begin with. In contrast, respecting the State's effort to regulate the use of its own laws should be given great weight. Additionally, Plaintiff's failure to make a request for compliance prior to filing an ADA injunctive relief claim should also be part of the weighing of burdens and benefits to each party and each forum.

As noted above, in cases such as this where only minor modifications are at issue and plaintiffs have failed to make a prelitigation demand for accessibility, defendants routinely moot the injunctive relief claims – and hence the ADA cause

of action (the sole federal claim) - early in the litigation. In such cases, District Courts uniformly decline continued supplemental jurisdiction and dismiss. See e.g., *Langer v. Chavez*, supra. There is no split of authority on this point. Declining supplemental jurisdiction now would further reduce the substantial risk of proceeding further in this case, litigating a motion for summary judgment and dismissal based on mootness only to end up in State Court nevertheless.

Plaintiff should not be allowed to pursue unique state law benefits while evading the burdens assigned to pursuing such benefits, particularly without establishing that his choice of forum had a bona fide purpose. Plaintiff's evasion of the state's legislative effort to prevent abuse of its laws undermines the State's ability to implement its own laws in the manner it intended. Our concept of federalism as well as cooperation and respect between states and federal courts calls for the Court to strive to ensure the implementation of the Unruh Act in the way California intends it to be implemented.

## CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Moreover, Plaintiff fails to provide a legitimate reason for this Court to retain supplemental jurisdiction.

Defendants respectfully requests this Court to issue an order declining supplemental jurisdiction over Plaintiff's state law claims and dismissing his First Amended Complaint.

Date: February 15, 2019         **NORTON MOORE & ADAMS LLP**

By: /s/William Adams_____
William A. Adams
Attorney for Defendant BREI, LLC

**15**
Defendants' Mem. of P&As ISO Motion to Dismiss
(**2:18-CV-10768-E**)